## McDONALD et al. v. MAXWELL et al. *

(Court of Appeals of District of Columbia. Submitted April 7, 1925. Decided May 4, 1925. Motion for Rehearing Denied May 15, 1925.)

No. 4251.

1. Courts ⊚⟼445—Appeal from probate court of District of Columbia taken in accordance with practice of common law, and evidence required to be brought up by bill of exceptions.

Proceedings of Supreme Court of District of Columbia, holding probate court, and final orders therein, are reviewable only in accordance with practice of common law, and in such cases evidence must be brought up in bill of exceptions, in absence of which Court of Appeals must assume that evidence adduced at trial was sufficient to justify order from which appeal is taken.

2. Executors and administrators ⊚⟼501—Allowance of commission to executors held not reviewable, in absence of showing of facts on which court acted.

Court's allowance of executor's commission on increase in principal of estate held not reviewable, in absence of showing of facts and circumstances on which court acted.

Appeal from the Supreme Court of the District of Columbia.

In the matter of the estate of James McDonald, deceased. From a judgment approving the final account of Lawrence Maxwell and the Fulton Trust Company, as executors, James McDonald, Jr., and James McDonald, 3d, and Alexander McDonald, infants, by their guardian ad litem, Charles V. Imlay, appeal. Affirmed.

G. E. Hamilton, J. J. Hamilton, C. V. Imlay, and C. E. Wainwright, all of Washington, D. C., for appellants.

F. D. McKenney and J. S. Flannery, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District, holding probate court, approving the ninth and final account of appellees, as executors under the will of James McDonald, and allowing appellees $12,390.72 com-

* Certiorari granted 46 S. Ct. 20, 69 L. Ed. ——.

mission on income and "$50,000 commission on increase in principal, instead of $78,-596.47 claimed."

[1] A proceeding in the probate court in this jurisdiction, and final orders therein, are reviewable only in accordance with the practice at common law, and evidence in such cases must be brought up in a bill of exceptions. Craighead v. Alexander, 38 App. D. C. 229, 234. In the absence of a bill of exceptions, this court must assume that the evidence adduced at the trial was sufficient to justify the order from which the appeal is taken. Fletcher v. Fletcher, 43 App. D. C. 180.

[2] There is no bill of exceptions in the present case, nor does the record contain or purport to contain the substance of the testimony in the case. We have before us, on the contrary, merely the final account of the executors and the ruling of the court thereon. In this account the aggregate value of the estate is shown to be almost $5,000,000, and the executors, in addition to the claim for commission on income collected since the preceding account, "also claim and hereby retain for their services a commission of 5 per cent. upon profits realized on proceeds of inventoried items, and the par or face value of stocks received as dividend, viz. $1,571,929.32," or $78,596.47. The court below, evidently after a hearing in which all pertinent facts and circumstances were considered, reached the conclusion that the executors were entitled to $50,000 commission on increase in principal, and made that allowance. The facts and circumstances upon which this allowance was based are not before us, and, there being nothing on the face of the record to indicate error, it is apparent that the judgment must be affirmed, with costs; and it is so ordered.

Affirmed.